POUPART ET AL., PLAINTIFFS AND APPELLEES, *v.* RECURT ET AL..
DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Humacao in an Action to
Secure a Declaration of Nullities and of Ejectment.

No. 1655.—Decided July 26, 1917.

EJECTMENT—JURISDICTION—JUDGMENT—PRESUMPTION—EVIDENCE.—As a munici-
. pal court is not a court of record, its judgment carries with it no presump-
tion of jurisdiction; hence, even when the judgment is attacked collater-
ally, the burden is on the person claiming under it to show jurisdiction.
If jurisdiction does not appear from the judgment it may be proved *aliunde.*

ID.—ID.—VALUE OF PROPERTY.—As municipal courts have jurisdiction only of
actions involving $500 or less, a plaintiff suing to recover real estate must
show affirmatively that the land sought to be recovered does not exceed that
limit, and the mere fact that the property was sold under execution to a
single bidder for less than $500 is no proof of its value.

The facts are stated in the opinion.

*Messrs. Juan B. Huyke* and *Francisco González* for the
appellant.

*Mr. Manuel Tous Soto* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The appellees began a suit in the Municipal Court of Hu-
macao, whose eventual purpose was to recover a certain
piece of land, but they first alleged and prayed for the
declaration of certain nullities. The declaration of these
nullities was sought because of the alleged lack of jurisdic-
tion in the Municipal Court of Humacao in another and prior
suit, the appellants claiming title from the judgment, execu-
tion and sale in the said prior suit, which was numbered 46.
Judgment was rendered for the appellees in the Municipal.
Court of Humacao and on appeal substantially the same
judgment was rendered by the District Court of Humacao. ·

Luis Recurt began his suit No. 46 against the Succession
of Poupart to recover the sum of $490. He obtained a judg-
ment, but the theory of the appellees was that the municipal
court was without jurisdiction because of failure to duly cite
the minor heirs who were the principal components of said
succession.

Appellants first maintained that the judgment of the district court was erroneous because Recurt was not cited, and that he was a necessary party. The appellees say that the suit is in revendication and that he was not a necessary party. We suppose the idea was that Recurt was not made a party in the municipal court, for the record is silent on this point. The appellees seem disposed to admit that he was not made such a party, but on the theory that this is an action of revendication, as maintained by said appellees, we do not see that Recurt was a necessary party. Presumably, he was paid the amount of his debt when the property was sold and he would not be directly affected by the judgment in this case.

It is well settled that the judgment of a municipal court not being of record carries no presumption of jurisdiction with it; hence even when a judgment is attacked collaterally the burden is on the person claiming under it to show the jurisdiction of a court not of record, like the municipal court in this case. *Galpin* v. *Page,* 98 Wall. 365; *Grignon* v. *Astor,* 2 How. 319; *Vázquez* v. *The Registrar,* 19 P. R. R. 1075, and cases cited; 11 Cyc. 693. If this jurisdiction does not appear from the judgment it may be proved *aliunde.* The appellant, however, following this theory of jurisdiction, maintains that the municipal court in the very case before us was not shown to have jurisdiction. The necessity of showing jurisdiction on the direct attack of a judgment is even stronger than on collateral attack. Municipal courts have jurisdiction only up to $500, and a complainant who sues to recover real estate must show affirmatively that the land sought to be recovered is worth $500 or less. In the United States, courts not of record do not generally have jurisdiction in ejectment. In Porto Rico, the municipal courts only have jurisdiction when the amount does not exceed $500; hence it was necessary to prove, as was alleged in the complaint, that the property sought to be recovered fell within the said amount. The only proof in this case was that the property

was sold in April, 1905, to the appellant, Antonio Abad Agosto, for the sum of $490, he being the only bidder, which is no proof of the value of the land today; and we doubt whether the sale for $490 in the execution process was proof of its value then. Other than the statement in the record in the municipal court in suit No. 46 and in the deed of the notary made pursuant to the sale of the marshal, there was no independent proof of the value of the land. If the appellees in the court below had at any time made it clear that they were attempting to show that the property was worth $500 or less, the appellants might have offered proof to show the greater value of the same. The matter has not been discussed very fully before us and if the appellees believe that they can maintain their judgment, we shall be disposed to entertain a motion for reconsideration. So far as we now see, the judgment of the district court will have to be reversed and one rendered for the appellants for lack of jurisdiction in the municipal court where the action was begun.

We say "if the appellees believe that they can maintain their judgment." Another doubt is this: In spite of the contention of the appellees to the contrary, we are persuaded that the appellants acquired all the interest that Concepción Poupart had, and she was one of the original minor heirs. Her deed to them was more than a ratification; it was a renunciation of all rights in their favor—an estoppel as to her for her share in the property—and she was entitled to a fractional undivided part. Hence the question is whether revendication would lie, as her grantees are tenants in common with her brothers and sisters in any event.

On the main question we are inclined to agree with the appellants that jurisdiction in case No. 46 of the municipal court was not shown, but not without considerable doubt. Here the file-papers of the municipal court were lost. The secretary had a record showing that an answer had been filed, although of course we do not know the nature thereof, and it might have been the answer of the widow alone, who,

it is admitted, was served with process. It is also in favor of the appellants that the notary's deed to the purchaser recited the regularity of the proceedings in Case No. 46 of the municipal court.

The judgment must be reversed and one rendered in favor of appellants for lack of jurisdiction in the municipal court.

*Reversed and substituted.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.